

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. REEVES, ) | CASE NO. 1:17 CV 1530 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OF OPINION |
| BRIGHAM SLOAN, *et al.*, ) | AND ORDER |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff William J. Reeves filed this action against Lake Erie Correctional Institution ("LeCI") Warden Brigham Sloan, Ms. Reberra, Ms. Witt, Dr. Swanson, Nurse Foster, and John/Jane Doe Nurse. In the Complaint (Doc. # 1), Plaintiff alleges a series of mistakes made by the prison medical department delayed the surgery on his broken finger. He seeks monetary damages.

## I. BACKGROUND

Plaintiff broke his finger sliding into base in a prison baseball game on August 14, 2016. He was taken to an emergency room in Conneaut, Ohio where he received eight stitches and was referred to an orthopedic specialist, Dr. Hermat, on August 24, 2016. He claims a prison computer entry error resulted in a delay in removing his stitches. Dr. Hermat recommended surgery to repair the fracture. Plaintiff had a follow up appointment with LeCI Physician, Dr.

Swanson on September 8, 2016. He was supposed to be scheduled to see Dr. Hermat in September but another computer error resulted in an emergency room visit instead of an appointment on September 21, 2016. Ms. Aiken realized the error and scheduled Plaintiff to see Dr. Hermat on October 21, 2016. At that point, Dr. Hermat indicated too much time had passed to fully repair the damage and Plaintiff's finger would have to be fused. Dr. Swanson approved the surgery. Ms. Reberra gave Plaintiff paperwork to complete for the surgery. He reported to the medical department on the day of his surgery, December 7, 2016; however, Nurse Foster "had some issue with [Plaintiff]" and refused to send him to the surgery. (Doc. #1 at 5). The grievance Plaintiff attached to his Complaint (Doc. # 1-4) lists it as "security concerns." Plaintiff states he discussed the situation with Witt who indicated the prison would need to better educate nursing staff. The next available surgery date was February 7, 2017. He claims doctors removed his stitches later that month, however, he noticed several stitches still in his hand in March. He contends the Institutional Inspector told him that the stitches were dissolvable. Plaintiff states they are not dissolving. He seeks monetary damages.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a

Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

that a Defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

Plaintiff does not assert a specific cause of action in his Complaint; however, it is possible he is attempting to assert an Eighth Amendment claim under 42 U.S.C. § 1983. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for Courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While Plaintiff may arguably have satisfied the objective component, he fails to allege facts to satisfy the subjective component of an Eighth Amendment claim. To do so, he must demonstrate that each of the Defendants was deliberately indifferent to a serious risk to his health. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind." *Id.* at 834. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010).

Here, Plaintiff does not include any allegations against the Warden. The Warden appears to have been named as a Defendant because he supervises the prison. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably associate Warden Sloan to Plaintiff's health care decisions.

Similarly, Plaintiff alleges Reberra gave him forms to sign for surgery and Witt discussed an Informal Complaint with him. There are no other allegations that pertain to these Defendants to suggest they committed acts which endangered his health and did so with conscious disregard of a substantial risk of serious harm to him. *Farmer*, 511 U.S. at 837.

He asserts Dr. Swanson was monitoring his care. She scheduled him to see an orthopedic specialist, and approved his surgery. Plaintiff contends there were several scheduling errors that resulted in a delay in having his stitches removed, a delay in getting a follow up appointment with the correct orthopedic specialist, and a delay in having the surgery. Plaintiff does not allege facts to suggest Dr. Swanson was responsible for these errors. Even if she were responsible, however, these errors are, at best negligent. Plaintiff does not suggest Swanson acted with any level of deliberate disregard for his safety. Claims of malpractice or negligence will not support an Eighth Amendment claim. *Id.*

Plaintiff alleges that Nurse Foster "had some issue with [him]" and refused to send him out of the prison. The Institutional Inspector indicated that the appointment was cancelled due to security concerns. Plaintiff does not provide any additional information about this incident. Based on the allegations in the Complaint, there is nothing to suggest Nurse Foster was deliberately indifferent to Plaintiff's serious medical needs.

Finally, to the extent Plaintiff intended to assert some other cause of action besides one arising under the Eighth Amendment, he also failed to state a claim. To satisfy federal notice pleading requirements, Plaintiff's Complaint must give the Defendants fair notice of what his claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Aside from a possible Eighth Amendment claim, no other cause of action is suggested on the face of the Complaint.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.